**CHANGDI HUANG, Petitioner,**

v.

**Michael MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–2624–ag.**

United States Court of Appeals, Second Circuit.

March 28, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Alexander Kwok–Ho Yu, Esq., New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Susan K. Houser, Senior Litigation Counsel, Francis W. Fraser, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. JOSEPH M. McLAUGHLIN and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Changdi Huang, a native and citizen of the People's Republic of China, seeks review of a May 21, 2007 order of the BIA affirming the September 29, 2005 decision of Immigration Judge ("IJ") Matthew J. D'Angelo, pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Changdi Huang,* No. A96 241 817 (B.I.A. May 21, 2007), *aff'g* No. A96 241 817 (Immig. Ct. Hartford, CT Sept. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Because Huang raises no argument addressing the agency's finding that his asylum application was untimely, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005). Accordingly, Huang challenges the agency's final removal order only insofar as it pertains to his withholding of removal and CAT claims.

We find that substantial evidence in the record supports the IJ's adverse credibility determination. In finding Huang not credible, the IJ relied in part on Huang's evasive demeanor and failure to testify to important details about his allegations except in response to his attorney's leading questions. Because the IJ was in the best position to evaluate Huang's demeanor and

supported his evaluation with specific instances of vague testimony, we defer to the IJ's demeanor finding in this case. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005). Moreover, the IJ did not err in finding Huang's testimony regarding his response to the discovery that family-planning officials had taken his wife for a forced IUD insertion to be implausible and vague. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 146 (2d Cir.2006).

The IJ also based his adverse credibility determination on internal inconsistencies in Huang's testimony. Inconsistencies and other discrepancies in the evidence need not be fatal to an applicant's credibility if they are minor and isolated, and the testimony is otherwise "generally consistent, rational, and believable." *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000). However, when considered cumulatively, the inconsistencies the IJ identified were anything but minor and isolated. For instance, Huang testified that his mother lived with him and had been home when family-planning officials arrived to take his wife away for a forced IUD insertion. Moreover, Huang testified that his mother was still living in the family home, but later contradicted this testimony, stating that his mother did not live with him, that she only ate meals with his family, and that she was not currently living in his home in China. In addition, Huang initially testified that he was arrested for non-payment of the 3,000 yuan fine, but then changed his testimony, stating that he had not been arrested and that the family-planning officials only confiscated his television set and his buffalo.

Finally, the IJ did not err in basing his adverse credibility determination in part on Huang's failure to provide sufficient corroborative evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). An IJ may properly take into account an applicant's failure to corroborate key aspects of his testimony where the absence of corroboration in general makes the applicant unable to rehabilitate testimony that has already been called into question. *See id.* Given the problems with Huang's testimony that have already been identified, it was not unreasonable for the IJ to require him to submit additional corroborative evidence in order to rehabilitate his already-compromised testimony. *See id.* Furthermore, the IJ did not err in finding that the sterilization certificate Huang submitted did not sufficiently corroborate his claims. The IJ properly noted that nothing in the certificate indicated that the sterilization had been forced and that Huang had made no effort to authenticate the document.[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

**2.** This Court has held that an IJ may not reject an asylum-seeker's document solely because the document was not authenticated pursuant to 8 C.F.R. § 1287.6. *See Cao He Lin v. U.S. Dept. of Justice,* 428 F.3d 391, 404–05 (2d Cir.2005). However, the IJ acknowl-

edged that the regulation represents only one manner of authenticating a document and stated specifically that he "would recognize a number of other manners of authentication," but that Huang attempted none of them.